GARRISON B. JOHNSON, APPELLANT, *v.* MARY L. WHITE, IMPLEADED WITH OTHERS, RESPONDENT.

*Code,* § 153 — *reply* — *when unnecessary* — *new matter in answer.*

Where new matter is set up in the answer, not constituting a counter-claim, the plaintiff is not confined to proving the negative of the matter thus alleged, but may prove any facts by which the same is avoided.

Where, in an action to foreclose a mortgage, the defendant alleged that the plaintiff was not the owner and holder of the mortgage, but that the same was owned by one $P_i$, *held,* that the plaintiff was entitled to prove that although the mortgage had once been assigned to P., yet that P. had subsequently reassigned to him.

APPEAL from a judgment in favor of the defendants entered upon the trial of this action by the court, without a jury.

The defendant Merritt, on the 25th of March, 1873, gave to the plaintiff his bond, conditioned to pay him $1,000, at certain times therein specified. To secure its payment he executed and delivered to the plaintiff a mortgage on certain lands, described in the complaint, with the same conditions as to terms and times of payment as the said bond. The mortgage was duly recorded in the county where the land lies.

On the 26th of July, 1873, Merritt conveyed said mortgaged premises to the defendant Mary L. White, by warranty deed. She went into possession and paid $266.66 on said mortgage.

The deed from Merritt to Mrs. White contained the following provisions, viz. :

" This conveyance is made subject to the payment of $500 and interest thereon from October 23d, 1872, to become due on a mortgage on the above described premises, given by G. B. Johnson to Julia A. Foster, which said sum of $500 and interest the said party of the second part, Mrs. White, assumes and agrees to pay as so much of the purchase-money of said premises, and to the payment of which she binds herself, her heirs, etc. Also, this conveyance is made subject to the payment of $1,000 and interest from March 25th, 1872, on one other mortgage on said premises, now held by Garrison B. Johnson, which said sum of $1,000 and interest as aforesaid, the party of the second part agrees and assumes to pay as part of said purchase-money of said premises, and to which payment she binds herself, her heirs, etc."

On the 25th of April, 1873, said Johnson assigned said mortgage to one William Parkhurst, and Parkhurst owned the same at the time of the execution and delivery of said deed.

The moneys mentioned in said bond and mortgage, from Mrs. White to Merritt, having become due and being unpaid, this action was commenced to foreclose said mortgage. The complaint was in the usual form. Mrs. White, alone, appeared and answered. Her answer admits some of the allegations in the complaint and denies others, not material to be considered in deciding the questions arising on this appeal.

She alleges, in her fourth defense, that the clauses in the deed from Merritt to her, by which she is made to assume the payment of the mortgage from Merritt to Johnson, was inserted in said deed by mistake, which mistake she did not discover until a short time before this action was brought, and then she called upon him and he released her from the said assumption of the mortgage in said deed.

The defendant, in her sixth defense, alleges that the plaintiff had assigned to one Parkhurst the bond and mortgage in this suit, and she alleges that plaintiff is not the real party in interest in this action. On the trial at Special Term the foregoing facts, except as to the mistake in the deed and the release by Merritt of the plaintiff from the obligation imposed by said clause in said deed, were proved.

The plaintiff then offered to prove that Parkhurst had reassigned

to him the bond and mortgage. The defendant's counsel objected to the evidence, on the ground that it was inadmissible under the pleadings, and immaterial and incompetent.

The court sustained the objections, and rejected the evidence, and plaintiff's counsel excepted.

On motion of the defendant's counsel, the court dismissed the complaint, and plaintiff's counsel excepted.

Judgment dismissing the complaint was entered in favor of the defendant, with costs, from which plaintiff appeals.

*A. L. Johnson*, for the appellant.

*Irving G. Vann*, for the respondents.

MULLIN, P. J.:

By section 153 of the Code, a reply to new matter in the answer setting up a counter-claim is only necessary when it sets up a counter-claim.

The answer, in this case, does not set up a counter-claim, hence, no reply was necessary. The answer stood denied.

The defendant, on the cross-examination of the plaintiff, proved by him, the plaintiff, the assignment of the bond and mortgage to Parkhurst, and the court refused to allow the plaintiff to prove that Parkhurst reassigned it to him, on the ground, as I infer from the points of counsel, that there was no allegation in the plaintiff's pleadings admitting such proof.

The defendant was right in setting up, in her answer, that Parkhurst was the owner of the bond and mortgage, and, consequently, that plaintiff could not maintain the action. If it was true, as the plaintiff offered to prove, that Parkhurst reassigned them to him, the defense was avoided, and the plaintiff was entitled to maintain the action.

The plaintiff could not set up the reassignment by any rejoinder to the reply, and, hence, the averment must be made in the complaint, if it could not be proved on the trial, without any allegation in a pleading in respect to it. To amend the complaint, to admit of such proof, would have been a violation of principles of pleadings prescribed by the Code, and would be without precedent in any system of pleading.

No reply being necessary to the answer of defendant, it was to be deemed denied for all purposes of the action.

Under such a denial, what evidence may the plaintiff give in reply to the new matter of the answer? Is he confined to proving the negative of the matters alleged in the answer; or may he prove any matter which, in law or in fact, avoids the new matter in the answer?

The position of the plaintiff, under section 153 of the Code, is precisely the same, as it was after replication filed in chancery. He was entitled to give any evidence that avoided the new matter in the answer; and he is now entitled to give the same evidence without replication, unless the answer sets up a counter-claim. The new matter in the answer may render necessary an amendment of the bill, by making new parties, or getting rid of those whom he has already made parties; but it was never heard of, I think, that a plaintiff was bound to amend his bill when the defendant alleged, in his answer, a transfer of the subject-matter of the action, by alleging, first, an assignment of the cause of action, and then a reassignment back to him, in order that he might prove the reassignment.

The defendant having proved the assignment to Parkhurst, it was the right of the plaintiff to prove the reassignment; and, because he was deprived of this right, the judgment must be set aside, and a new trial granted, costs to abide event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed and new trial granted, costs to abide event